# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS *ETAL*

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

12 00291

*Daniel Thomas Calden*                , *Plaintiff(s)*

v.

*Pamela Hamlin / pres·dent of Arnold* *Defendant(s)*

### SUMMONS

To the above-named Defendant: *Arnold Worldwide LLC*

You are hereby summoned and required to serve upon *Daniel Calden*,
plaintiff's attorney, whose address is *53 Countryside lane Norwood MA 02062*,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,          BARBARA J. ROUSE, Esquire          , at ............................................ the ........................

day of ........................................................., in the year of our Lord two thousand and ........................

*4-26-12*      Deputy Sheriff Suffolk County                                                    Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

DANIEL T. CALDEN,

12 00291

Plaintiff,

v.

ARNOLD WORLDWIDE LLC & MCDONALDS RESTERAUNT CORPORATION

Defendants.

### COMPLAINT AND JURY DEMAND

1.      Plaintiff Daniel T. Calden entered a McDonalds contest on the website Myspace.com

entitled The Big Mac Chant Off, on June 27th 2008. On June 27th-29th 2008 Calden showed his

fixed work, that was then up on said Myspace.com page's contest entries page, to family as well

as notable collegues in the music field "for a laugh" said Calden. Then on June 30th 2008 his

entry was taken down from said Myspace.com page, believing he had broken one of the rules of

entry, Calden attempted to contact McDonalds as well as myspace to find out what had

happened. Both parties McDonalds and Myspaced failed to give response to Calden so Mr.

Calden just dismissed this action of no response and paid no mind to the situation for the

following year. Until late February of 2009 when a commercial showed up on television

featuring Calden's fixed work of music and video, only instead of the Big Mac they attached a

parody of Calden's fixed work to an ad campaign featuring the Fillet o' Fish sandwich. Upon

doing research Calden found that Peter Harvey at the ad agency Arnold Worldwide, based out

of Boston, as well as composers Joseph Auch and Joshua Peck had taken claim for Calden's

intellectual property, Calden has no affiliation with Harvey, Arnold, Auch or Peck. Calden is

seeking retribution for a) Intellectual Property Theft b) Breach of Contest Contract c)

impropriety in the method of acquiring an idea d) Copyright Infringement e) Interference of

monies earned due to commercial, merchandising, sales of ring tones and MP3's.

## PARTIES

2.      Plaintiff Daniel T. Calden ("Mr. Calden") is an individual residing in Norwood, Norfolk

County, Massachusetts.

3.      Defendant Peter Harvey is a trustee at Arnold Worldwide with a privately listed address but

lives in Boston and is employed by Arnold Worldwide at 101 Huntington Ave. Boston, MA 2199.

4.      Defendant Pam Hamlin is a managing partner and president of Boston office, Arnold

Worldwide LLC (2006-present). Privately listed address.

5.      Defendant Joseph Auch is an individual with a privately listed address but has contact

information of 35 Washington St. Brooklyn, NY 11201.

6.      Defendant Joshua Peck is an individual with a privately listed address but has contact

information of 35 Washington St. Brooklyn, NY 11201.

7.      Defendant Robin Boorstein is president of McDonald's Regional Office, this individual has a

privately listed address but has the contact information of 422 Washington St. Stoughton, MA 02072-

4202.

8.      Defendant John Lambrechts is Vice President of McDonalds Regional Office, this individual

has a privately listed address but has the contact information of 690 Canton St. Westwood, MA 02090-

2324.

## FACTS

9.      Plaintiff Daniel T. Calden entered a McDonalds contest on the website Myspace.com entitled

The Big Mac Chant Off, on June 27th 2008.

10.     On June 27th-29th 2008 Calden showed his fixed work, that was then up on said Myspace.com

page's contest entries page, to family as well as *notable* collegues in the music field.

11.     Then on June 30th 2008 his entry was taken down from said Myspace.com page.

12.     Early July Calden attempted to contact McDonalds as well as myspace to find out what had

happened.

13.     Late February of 2009 a McDonalds commercial/campaign shows up on television featuring

Calden's fixed work of music and video, only instead of the Big Mac they attached a parody of

Calden's fixed work to an ad campaign featuring the Fillet o' Fish sandwich.

14.     Upon doing research Calden found that Peter Harvey at the ad agency Arnold Worldwide, based

out of Boston, as well as composers Joseph Auch and Joshua Peck had taken claim for Calden's

intellectual property, Calden has no affiliation with Harvey, Arnold, Auch or Peck.

15.     Calden's Intellectual Property was ***parodied*** by Arnold Worldwide and made for ***commercial***

usage, the factors make for *No Fair Use.*

16.     The same instance happened in the 1970's. Sid and Marty Krofft Television Productions, Inc. v.

McDonalds Corp. 562 F.2d 1157 (9th Cir. 1977).

## Count I
### Intellectual Property Theft

17.    Mr. Calden repeats and realleges herein the allegations contained in paragraphs 1-16 above.

Calden's material had been parodied for commercial use without his knowledge or consent.

## Count II
### Breach of Contract

18.    After underhanded treatment during the contest with no response to Calden's follow-up queries

McDonalds still steamed ahead with a parody of Calden's fixed material and released the Fillet o' Fish

Commercial.

## Count III
### Impropriety in the Method of Acquiring an Idea

19.    After underhanded treatment during the contest with no response to Calden's follow-up queries

McDonalds still steamed ahead with a parody of Calden's fixed material and released the Fillet o' Fish

Commercial.

## Count IV
### Copyright Infringement

20.    Calden's fixed work was posted on his own myspace page under the heading MC Smiley Dan as

well as saved I FILM files. Calden's work is fixed and copyrighted under the Copyright Act of 1976

U.S.C.A. 203 (a).

## Count V
### Interference of monies earned

21. Besides the prize from the contest Calden has lost wages due to Mr. Harvey, Mr. Auch, and Mr.

Peck parodying Calden's fixed and copyrighted material and passing it off as their own. The

McDonald's Corporation is also profiting from Calden's Fixed and copyrighted material (while

Calden is NOT) by selling their Fillet o Fish sandwiches, selling related merchandise, selling

ringtones and MP3's where Calden has not seen any monies nor acknowledgment.

WHEREFORE, Plaintiff Daniel T. Calden prays that this court do the following:

1. Order the defendants instate proper credit to Mr. Calden concerning his fixed copyrighted

   material concerning how the team at Arnold Worldwide parodied Calden's fixed copyrighted

   material. Making it public with the same zeal they went forth with in the Fillet o Fish campaign.

   And expose the fraud commited during the Big Mac Chant Off Contest.

2. Award Mr. Calden money damages based on intellectual property theft, breach of contract,

   copyright infringement and interference of monies earned due to the commercial itself,

   merchandising, ringtone and MP3 sales.

3. Award Mr. Calden for damages for the impropriety in the method of acquiring an idea.

4. Award Mr. Calden his costs and expenses incurred in this action.

5. Award such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO**

**TRIABLE.**

Respectfully submitted,

DANIEL T. CALDEN

53 Countryside lane

Norwood MA 02062

(781) 769-8474

Dated: February 15, 2012

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) Daniel Calden | DEFENDANT(S) Arnold Worldwide |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Board of Bar Overseers number: | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. A99    TYPE OF ACTION (specify) Breach of Contract    TRACK (F)    IS THIS A JURY CASE? (✓) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                       Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                              $. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                              $. . . . . . . . . . .
                                                                    TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Calden is claiming that the defendants parodied his fixed & copyrighted work with commercial.

                                                                TOTAL $. 20 million

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/15/12

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000