**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                       )
DANIEL T. CALDEN,                      )
                                       )
         Plaintiff,                    )
                                       )
         v.                            )         **Civil Action No.**
                                       )         **12-10874-FDS**
ARNOLD WORLDWIDE LLC, et al.,          )
                                       )
         Defendants.                   )
_____)


### MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

       This is a case alleging copyright infringement.  Plaintiff Daniel T. Calden is proceeding

_pro se_.  He contends that defendants Arnold Worldwide LLC; McDonald's USA, LLC; Joshua

Peck; and Joseph Auch copied a video he created for a McDonald's "Big Mac" hamburger

contest, and used his ideas in a later television commercial for the McDonald's "Filet-O-Fish"

sandwich.

       Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.  For the reasons set forth below, the

motion to dismiss will be granted.

### I.     Background

#### A.     Factual Background

       Unless otherwise noted, the facts are set forth as alleged in the complaint.  The Court also

refers to facts and documents that are incorporated by reference in the complaint, as well as

matters of public record.

1.      **The Big Mac Chant-Off Contest**

In 2008, McDonald's held a contest called the "Big Mac Chant-Off Contest."  It sought audio and video remixes of the "Big Mac Chant" ("Two all-beef patties, special sauce, lettuce, cheese, pickles, onions, on a sesame seed bun.").  (*See* Compl. ¶¶ 1, 9; *see also* Press Release, dated Jun. 18, 2008, available at:

http://mcdepk.com/yousowantone/mediadocs/Big_Mac_Chant_Release.pdf (last viewed Nov. 26, 2012)).  Submissions had to be uploaded onto a contest entry page on the social media site MySpace.com.  (Compl. ¶ 1).

Calden entered the Big Mac Chant-Off Contest on June 27, 2008, by uploading a video to Myspace.com.  (Compl. ¶ 1).  The entry was viewable on the site for a short period of time. (*Id*.).  On June 30, 2008, Calden's entry was taken down from the contest entry page.  (*Id*.).

Calden's entry shows a close-up of a man sitting on a couch inside a house.[1]  The man is wearing sunglasses and a t-shirt, and has a gray-and-white sock puppet with hand-drawn features on his left hand.  Synthesized music begins to play in the background, and the man and the sock puppet sing along.  At first the lyrics are:  "Big Mac.  Big Mac.  Big Mac.  Everybody wants to eat a Big Mac."  This repeats several times before the music transitions, and the sock puppet begins to lip-sync a solo rap version of the Big Mac Chant.  The man joins back in on lyrics about the sesame-seed bun.  The man and the sock puppet then repeat the song.

_____

[1] The Court's descriptions of Calden's competition entry and the Filet-O-Fish commercial that he contends copied his entry are based upon the Court's viewing of audio/video files provided by the defendants.  (Def.'s Mot. to Dismiss, Ex. A).  Because the complaint referred extensively to both the submission and advertisement, the Court will consider them in connection with the motion to dismiss.  *See Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) .

2.    **The Filet-O-Fish Commercial**

In February 2009, McDonald's began airing a television commercial for its "Filet-O-Fish" sandwich.  (Compl. ¶ 13).  The commercial depicts a man, sitting in a garage, eating a Filet-O-Fish sandwich.  A blue fish mounted on the wall begins singing:  "Give me back that Filet-O-Fish, give me that fish.  Give me back that Filet-O-Fish, give me that fish.  What if it were you hanging up on this wall?  If it were you in that sandwich you wouldn't be laughing at all."  The man watches the singing fish and continues to eat his sandwich.  Shortly thereafter, another man walks into the garage.  He looks at the fish, and then at the original man, who shrugs and continues eating.  The commercial ends with a close-up of the sandwich with a voice-over describing an "Extra Value Meal Deal."

Arnold Worldwide was the advertising agency involved in the creation of the Filet-O-Fish advertisement. (Compl. ¶ 14).  Joseph Auch and Joshua Peck were involved in creating the advertisement.  (*Id*.).

B.    **Procedural Background**

Plaintiff filed a complaint in Norfolk Superior Court on February 15, 2012.  The complaint alleges claims of "Intellectual Property Theft" (Count I), "Breach of Contract" (Count II), "Impropriety in the Method of Acquiring an Idea" (Count III), "Copyright Infringement" (Count IV), and "Interference of Monies Earned" (Count V).  (Compl. ¶¶ 17-21).  In essence, plaintiff contends that defendants stole the idea set out in his Big Mac contest submission, and used it for the Filet-O-Fish television commercial without credit or payment to him.  Plaintiff seeks credit for his material, money damages, and payment of costs and expenses.

On May 15, 2012, Arnold filed a notice of removal in accordance with 28 U.S.C. § 1446,

and the case was removed to federal court.  On June 22, 2012, defendants Arnold and

McDonald's moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  That same

day, individual defendants Auch and Peck moved to join the motion to dismiss.

Fed. R. Civ. P. 12(b) states that "[a] motion asserting [failure to state a claim] must be

made before pleading if a responsive pleading is allowed."  According to the state court record,

Auch and Peck filed an answer to plaintiff's complaint on May 14, 2012.  Thus, their motion to

dismiss is untimely because it was made after their responsive pleading was filed.  However,

Fed. R. Civ. P. 12(c) allows for judgment on the pleading upon a motion that is made "[a]fter the

pleadings are closed—but early enough not to delay trial . . . ."  A Rule 12(c) motion for

judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss."  *Perez-*

*Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).  It differs from a Rule 12(b)(6)

motion primarily because it is filed after the close of pleadings and "implicates the pleadings as a

whole."  *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).

Accordingly, although defendants Auch and Peck have styled their filing as a motion to

join the motion to dismiss, the Court will grant the motion and treat it as one for judgment on the

pleadings under Rule 12(c).  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123,

126 (2d Cir. 2001) (holding that a motion to dismiss that is filed after the close of pleadings

should be construed as a motion for judgment on the pleadings).

## II.   <u>Standard of Review</u>

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must

assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable

inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)

4

(citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

In considering a motion to dismiss, the Court is generally "limited to considering facts and documents that are part of or incorporated into the complaint."  *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (citation and internal quotation marks omitted).  However, these limitations are not absolute.  *Id*.  When a complaint's factual allegations are dependent upon a document, "that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1996); *see also McGee v. Benjamin*, 2012 WL 959377, at *4 (D. Mass. March 20, 2012).  The Court may also consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  *Giragosian* 547 F.3d at 65 (quoting *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003).

III.     **Analysis**

A.     **"Copyright Infringement" Claim (Count IV)**

To establish copyright infringement, plaintiff must prove (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original.  *Feist Publ'ns,*

*Inc. v. Rural Tel. Serv. Co, Inc.*, 499 U.S. 340, 361 (1991); *Johnson v. Gordon*, 409 F.3d 12, 18

(1st Cir. 2005).  Plaintiff contends that defendants copied his work of music and video when they

created the Filet-O-Fish advertisement at issue, and that this act of copying constituted copyright

infringement.  Plaintiff's claim, however, fails at both steps.

1.     **Ownership of a Valid Copyright**

To prove ownership of a valid copyright, a plaintiff must prove that the work is original

and that the plaintiff complied with applicable statutory formalities.  *Lotus Dev. Corp. v. Borland*

*Int'l*, 49 F.3d 807, 813 (1st Cir. 1995).  The Copyright Act provides that a party cannot sue for

copyright infringement until a work has been registered with the U.S. Copyright Office.

*Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d. 357, 364 (D. Mass. 2010); *see*

*also* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of a copyright in any United States

work shall be instituted until pre-registration or registration of the copyright claim has been

made in accordance with this title.").

Plaintiff's complaint does not anywhere allege that plaintiff owns a validly registered

copyright.  He comes closest in paragraph 20 of his complaint, where he states that his work is

"fixed and copyrighted under the Copyright Act of 1976 U.S.C.A. 203(a)."  (Compl. ¶ 20).

However, the Copyright Act only permits an individual to sue to enforce copyright protection if

the work at issue has been *registered*.  The complaint does not plead a valid registration.

6

Accordingly, plaintiff has not pleaded the required elements of a claim for copyright infringement.  *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (explaining that the Copyright Act's registration requirement is a precondition to filing a claim); *Feldman*, 723 F. Supp. 2d at 364 ("plaintiff's unregistered work cannot form the basis of her infringement claim.").  This failure to plead ownership of a registered copyright is itself enough to require dismissal of this claim.

### 2.    Copying of Constituent Elements

The complaint also fails to sufficiently allege the second element of copyright infringement—copying of constituent elements of the work that are original.  To prove such copying, plaintiff must demonstrate two things.  First, plaintiff must show that, "as a factual matter, the defendant copied the plaintiff's copyrighted material."  *Johnson,* 409 F.3d at 18.  This element is sometimes referred to as "actual copying."  *See McGee*, 2012 WL 959377, at *5. Second, plaintiff must show that "the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar."  *Johnson*, 409 F.3d at 18. The plaintiff bears the burden of proof in establishing wrongful copying.  *Id.* at 17.

### a.    Actual Copying

A plaintiff may demonstrate actual copying either by direct or indirect evidence. *Johnson*, 409 F. 3d at 18.  Where direct proof is not available, "a plaintiff may satisfy his obligation indirectly by adducing evidence that the alleged infringer enjoyed access to the copyrighted work and that a sufficient degree of similarity exists between the copyrighted work and the allegedly infringing work to give rise to an inference of actual copying."  *Id.*  In evaluating such "probative similarity," the First Circuit has held that a court must "engage in

dissection of the copyrighted work by separating its original, protected expressive elements from those aspects that are not copyrightable because they represent unprotected ideas or unoriginal expressions." *Id.* at 18-19.  The copying of ideas or other unprotected "constituent elements" does not demonstrative probative similarity. *McGee*, 2012 WL 959377, at *5.

The parties agree that defendants had access to the work at issue.  The remaining question in determining actual copying is whether there is any probative similarity between the original, copyrightable elements of plaintiff's work and the Filet-O-Fish commercial.

Defendants contend that the complaint fails to allege probative similarity from which the court may infer actual copying.  Indeed, defendants contend that the complaint falls far short of alleging actual copying, as it does not even identify the protected elements in plaintiff's work that defendants are accused of copying in the commercial.  Defendants contend that the absence of details in the complaint leaves them "to guess at the plaintiff's theory of infringement."  (Def. Br. at 10).

Defendants' uncertainty as to the basis of plaintiff's claim of infringement is understandable.  The complaint alleges only that "a McDonalds commercial/campaign shows up on television featuring Calden's fixed work of music and video, only instead of the Big Mac they attached a parody of Calden's fixed work to an ad campaign featuring the [Filet-O-Fish] sandwich."  (Compl. ¶ 13).  Presumably, plaintiff believes that the commercial copied the entirety of his work, except that it substituted the Filet-O-Fish sandwich for the Big Mac.  He does not, however, identify any specific content of his work that is protectable by copyright.

Nor are any such protectable elements apparent to the Court upon reviewing the two works.  The only arguably similar elements are that both involve men in indoor settings with

background music, and singing non-human puppets/stuffed animals.  These elements are all abstract ideas and concepts, none of which are protectable by copyright.  *See McGee*, 2012 WL 959377, at *6-7; 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure . . . concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *see also Favia v. Lyons Partnership*, 1996 WL 194306, at *4 (S.D.N.Y. Apr. 23, 1996) (the use of a puppet without more is non-protectable).  An author "can claim to own only an original manner of expressing ideas, not the ideas themselves."  *Dunn v. Brown*, 517 F. Supp. 2d 541, 544 (D. Mass. 2007) (citing *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 33 (1st Cir. 2001).  Thus, to the extent that plaintiff asserts that the Filet-O-Fish commercial copies ideas contained in his work, such copying is not protected, and cannot be the basis for plaintiff's recovery.

      **b.**     <u>**Substantial Similarity**</u>

A court must only address the question of substantial similarity if it identifies any probative similarity from which it can infer actual copying.  *See McGee*, 2012 WL 959377, at *5. Because the complaint fails to sufficiently allege actual copying and the Court is unable to identify any probative similarity, the Court need not determine whether the complaint adequately alleges substantial similarity.

Plaintiff has failed to adequately plead both ownership of a valid copyright and copying of constituent elements of the work that are original.  Both are required elements of a copyright infringement claim.  Accordingly, the copyright infringement claim will be dismissed.

**B.**     **Intellectual Property Theft Claim (Count I) and "Impropriety in the Method of Acquiring an Idea" Claim (Count III)**

The complaint alleges a claim of "intellectual property theft."  Specifically, it alleges that "Calden's material had been parodied for commercial use without his knowledge or consent." (Compl. ¶ 17).  It also alleges a claim of "Impropriety in the Method of Acquiring an Idea." Specifically, it alleges that "[a]fter underhanded treatment during the contest with no response to Calden's follow-up queries McDonalds still steamed ahead with a parody of Calden's fixed material and released the [Filet-O-Fish] Commercial."  (Compl. ¶ 19).

These claims both appear to be duplicative statements of the copyright infringement claim set forth in Count IV.  Both allege, in substance, that defendants copied his work without informing him and without his permission.  To the extent that they intend to set forth distinct claims, separate from the copyright infringement claim, they do not sufficiently allege these claims, and do not put either defendants or the Court on notice of the alleged bases for recovery. Accordingly, they will be dismissed.

**C.**     **Breach of Contract Claim (Count II)**

Plaintiff contends that defendants' creation of the Filet-O-Fish advertisement constituted breach of contract.  Defendants have moved to dismiss this claim on the grounds that plaintiff has not properly pleaded a breach of contract claim, and any such claim is preempted by the Copyright Act.

To state a claim for breach of contract under Massachusetts law, a plaintiff must allege, at a minimum, (1) that there was a valid contract, (2) that the defendant breached its duties under the contractual agreement, and (3) that the breach caused the plaintiff damage.  *See, e.g., Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 316-17 (D. Mass. 1997).  Failure to plead any

of the elements of a breach of contract claim warrants dismissal of the claim.  *Gibbs v. SLM Corp.*, 336 F. Supp 2d 1, 16 (D. Mass. 2004).

Here, the complaint does not set forth any details about the alleged breach of contract. No contract is alleged.  No specific parties to the contract are identified.  No specific contract provisions are set forth.  The nature of the alleged breach of contract is not identified.  The complaint simply states that "[a]fter underhanded treatment during the contest with no response to Calden's follow-up queries McDonalds still steamed ahead with a parody of Calden's fixed material and released the [Filet-O-Fish] Commercial."  (Compl. ¶ 18).

This barebones statement does not adequately plead the elements of a breach of contract claim.  Accordingly, plaintiff's breach of contract claim will be dismissed.  Because the claim has not been properly set forth, the Court need not determine whether such a claim is preempted by the Copyright Act.

D. **"Interference of Monies Earned" Claim (Count V)**

The complaint also sets forth a claim for "interference of monies earned."  It alleges that "[b]esides the prize from the contest Calden has lost wages due to Mr. Harvey, Mr. Auch, and Mr. Peck parodying Calden's fixed and copyrighted material and passing it off as their own.  The McDonald's Corporation is also profiting from Calden's Fixed and copyrighted material (while Calden is NOT) by selling their [Filet-O-Fish] sandwiches, selling related merchandise, selling ringtones and MP3's where Calden has not seen any monies or acknowledgment."  (Compl. ¶ 21).

This claim appears to be a request for monetary damages in the form of a contest prize and a portion of profits from McDonald's sale of Filet-O-Fish sandwiches, merchandise,

ringtones, and MP3s.  A request for monetary damages is a potential form of relief; it is not a

separate cause of action.  Accordingly, this claim will be dismissed.  *See Jaffe v. Capital One*

*Bank,* 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010).

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, defendant Auch and Peck's motion for joinder is GRANTED,

and defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor_____
F. Dennis Saylor IV
United States District Judge

Dated: November 27, 2012